UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

---

LUCRECIA ALVAREZ, LOURDES BASURTO CORTEZ, MARIA ELENA GONZALEZ, ALICIA NESTOR CAMACHO, and LILIA TORRES-REYES, individually and in behalf of all other persons similarly situated,

    Plaintiffs,

–against–

NU BELLA NAIL & SPA I, INC. and YONG HOE KIM, jointly and severally,

    Defendants.

16 CV 5721

## COMPLAINT AND JURY DEMAND

  1. The plaintiffs, in behalf of other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 215(b), allege that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiffs and party plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, and such other relief available by law.

  2. The plaintiffs further allege, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendants are liable to the plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, (4) uniform maintenance, and such other relief available by law.

  3. The plaintiffs further allege, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-b)–(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(1)–(3), and that

1

the plaintiffs should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7. The plaintiff Lucrecia Alvarez is and was at all relevant times an adult residing in Richmond County, New York.

8. The plaintiff Lourdes Basurto Cortez is and was at all relevant times an adult residing in Richmond County, New York.

9. The plaintiff Maria Elena Gonzalez is and was at all relevant times an adult residing in Richmond County, New York.

10. The plaintiff Alicia Nestor Camacho is and was at all relevant times an adult residing in Richmond County, New York.

11. The plaintiff Lilia Torres-Reyes is and was at all relevant times an adult residing in Richmond County, New York.

12. The defendant Nu Bella Nail & Spa I, Inc., is and was at all relevant times a New York business corporation with its office in Richmond County.

13. Upon information and belief, the defendant Yong Hoe Kim is and was at all relevant times an adult.

## COLLECTIVE ACTION ALLEGATIONS

14. Pursuant to 29 U.S.C. § 216(b), the plaintiffs commences this action as to the plaintiffs' claims arising under the Fair Labor Standards Act as a collective action in behalf of all similarly situated current and former employees of the defendants at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

15. The plaintiffs and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiffs stated herein are similar to those of the putative party plaintiffs.

## STATEMENT OF FACTS

16. At all relevant times, the defendants' business is a nail salon and spa doing business as Bella Nail and located at 3475 Richmond Road, Staten Island, New York.

17. Upon information and belief, at all relevant times, the defendant Yong Hoe Kim was an owner, shareholder, officer, or manager of the defendants' business.

18. Upon information and belief, at all relevant times, the defendant Yong Hoe Kim was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

19. Upon information and belief, at all relevant times, the defendant Yong Hoe Kim had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

20. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

21. The defendants have employed the plaintiff Lucrecia Alvarez approximately from August 2013 through the present.

22. The defendants employ the plaintiff Lucrecia Alvarez as a manicurist and pedicurist.

23. The plaintiff Lucrecia Alvarez worked for the defendants approximately between fifty and sixty hours per week. The plaintiff Lucrecia Alvarez works approximately six days per week. On the workweek ending on May 15, 2016, the plaintiff Lucrecia Alvarez worked approximately fifty-four hours.

24. The defendants paid the plaintiff Lucrecia Alvarez approximately between $60.00 and $65.00 per day until approximately spring 2015, then approximately $6.80 per hour until approximately February or March 2016, then approximately $7.20 per hour thereafter.

25. The defendants pay the plaintiff Lucrecia Alvarez in cash.

26. The defendants have employed the plaintiff Lourdes Basurto Cortez approximately from winter 2012 until winter 2013, then approximately from May 2015 through the present.

27. The defendants employ the plaintiff Lourdes Basurto Cortez as a manicurist and pedicurist.

28. The plaintiff Lourdes Basurto Cortez worked for the defendants approximately fifty hours per week until 2013 and then thirty hours per week approximately from May 2015 through

the present. The plaintiff Lourdes Basurto Cortez worked approximately five days per week until 2013 and then approximately three days per week from May 2015 through the present.

29. The defendants paid the plaintiff Lourdes Basurto Cortez approximately $60 per day until 2013, then approximately $65 per day until June 2015, and then approximately $7.50 per hour thereafter.

30. The defendants pay the plaintiff Lourdes Basurto Cortez in cash.

31. The defendants have employed the plaintiff Maria Elena Gonzalez approximately from March 2016 through the present.

32. The defendants employ the plaintiff Maria Elena Gonzalez as a manicurist and pedicurist.

33. The plaintiff Maria Elena Gonzalez worked for the defendants approximately between thirty and forty hours per week, but sometimes greater than forty hours per week. On the workweek ending on May 8, 2016, the plaintiff Maria Elena Gonzalez worked approximately forty-eight and one-half hours.

34. The defendants pay the plaintiff Maria Elena Gonzalez approximately $7.50 per hour.

35. The defendants failed to pay the plaintiff Maria Elena Gonzalez for approximately between one and two of the hours that she works each week.

36. The defendants pay the plaintiff Maria Elena Gonzalez in cash.

37. The defendants have employed the plaintiff Alicia Nestor Camacho approximately from June 2013 through the present.

38. The defendants employ the plaintiff Alicia Nestor Camacho as a manicurist and pedicurist.

39. The plaintiff Alicia Nestor Camacho worked for the defendants approximately sixty hours per week until approximately 2014 and then approximately between forty and sixty hours per week thereafter. The plaintiff Alicia Nestor Camacho worked approximately six days per week until approximately 2014 and then approximately five days per week thereafter.

40. The defendants paid the plaintiff Alicia Nestor Camacho approximately $60 per day until 2014 then $65 per day until May 2015 and then approximately $6.60 per hour until 2016 and then approximately $6.80 per hour thereafter.

41. The defendants paid the plaintiff Alicia Nestor Camacho in cash.

42. The defendants employed the plaintiff Lilia Torres-Reyes approximately from May 2011 through the present.

43. The defendants employ the plaintiff Lilia Torres-Reyes as a manicurist and pedicurist.

44. The plaintiff Lilia Torres-Reyes works for the defendants approximately between fifty and sixty hours per week. The plaintiff Lilia Torres-Reyes worked approximately fifty-nine hours during the workweek ending on January 10, 2016. The plaintiff Lilia Torres-Reyes works approximately six days per week.

45. The defendants paid the plaintiff Lilia Torres-Reyes approximately between $60 and $65.00 per day until approximately spring 2015, then approximately $6.60 per hour until approximately 2016, then approximately $6.80 per hour until approximately April 2016, then approximately $7.50 per hour thereafter.

46. The defendants paid the plaintiff Lilia Torres-Reyes in cash.

47. The plaintiffs' uniforms are aprons.

6

48. The defendants willfully failed to pay the plaintiffs and party plaintiffs the applicable minimum wage.

49. The plaintiffs and party plaintiffs worked in excess of forty hours each workweek, yet the defendants willfully failed to pay the plaintiffs and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

50. The plaintiffs worked a spread of hours in excess of ten each day, yet the defendants willfully failed to pay the plaintiffs spread-of-hours compensation.

51. The defendants did not launder or maintain the plaintiffs' required uniforms and the plaintiffs laundered and maintained the plaintiffs' required uniforms at the plaintiffs' expense, and the defendants willfully failed to pay an allowance to the plaintiffs for uniform maintenance.

52. The defendants failed to provide the plaintiffs with a notice and acknowledgment at the time of hiring.

53. The defendants failed to provide the plaintiffs with a statement with each payment of wages.

54. Upon information and belief, while the defendants employed the plaintiffs and party plaintiffs, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New York Labor Law, and the plaintiffs and party plaintiffs were uninformed of their rights during such times.

55. Upon information and belief, while the defendants employed the plaintiffs and party plaintiffs, the defendants failed to maintain accurate and sufficient records.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

56. The plaintiffs, on behalf of the plaintiffs and party plaintiffs, realleges and incorporates by reference paragraphs 1 through 55 as if they were set forth again herein.

57. At all relevant times, the defendants, employers, employed the plaintiffs and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

58. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

59. The enterprise of the defendants employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(i).

60. Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(ii).

61. Therefore, upon information and belief, at all relevant times, the plaintiffs and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A).

62. The defendants in many workweeks willfully and repeatedly violated and are violating the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay the plaintiffs and party plaintiffs the minimum wage applicable under the Fair Labor Standards Act, 29 U.S.C. § 206.

63. The defendants in many workweeks willfully and repeatedly violated and are violating the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the

plaintiffs and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

64. By 29 U.S.C. § 216(b), the defendants are liable to the plaintiffs and party plaintiffs for unpaid or underpaid (1) minimum wages and (2) overtime compensation.

65. The plaintiffs and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

66. The defendants failed to post notices of the defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

67. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiffs and party plaintiffs are entitled to the equitable tolling of their claims during the time that the defendants failed to post such notices.

68. The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

**SECOND CLAIM FOR RELIEF:**
**MINIMUM WAGE ACT**

69. The plaintiffs reallege and incorporate by reference paragraphs 1 through 68 as if they were set forth again herein.

70. At all relevant times, the defendants, employers, employed the plaintiffs, employees, within the meaning of the New York Labor Law, §§ 2(5)–(7), 190(2)–(3), and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

71. From July 24, 2009, to December 30, 2013, the applicable minimum wage was $7.25 per hour, and from December 31, 2013, December 30, 2014, $8.00, and from December 31, 2014, to December 30, 2015, $8.75, and from December 31, 2015, to the present, $9.00, pursuant to N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1.

72. The defendants violated and are violating the plaintiffs' rights by failing to pay or underpaying the plaintiffs the required minimum wage, in violation of N.Y. Lab. Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1.

73. The defendants violated and are violating the plaintiffs' rights by failing to pay or underpaying the plaintiffs overtime compensation at a rate not less than one and one-half times the plaintiffs' regular rate of pay for the hours the plaintiffs worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

74. The defendants violated and are violating the plaintiffs' rights by failing to pay or underpaying the plaintiffs spread-of-hours compensation, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

75. From July 24, 2009, to December 30, 2013, the applicable uniform maintenance pay for workweeks over thirty hours was $9.00 per week, and from December 31, 2013, to December 30, 2014, $9.95, and from December 31, 2014, to December 30, 2015, $10.90, and from December 31, 2015, to the present, $11.20, pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.5(c).

76. The defendants violated and are violating the plaintiffs' rights by failing to pay or underpaying the plaintiffs uniform maintenance pay, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.5(c).

77. The defendants' failure to pay the plaintiffs the foregoing timely is a violation of section 191 of the New York Labor Law.

78. By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendants are liable to the plaintiffs for unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, and (4) uniform maintenance pay.

79. The plaintiffs are further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

80. The defendants failed to post notices of the defendants' employees' rights under the law, required by N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.8.

81. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiffs are entitled to the equitable tolling of the plaintiffs' claims during the time that the defendants failed to post such notices.

## THIRD CLAIM FOR RELIEF:
## WAGE THEFT PREVENTION ACT

82. The plaintiffs realleges and incorporates by reference paragraphs 1 through 81 as if they were set forth again herein.

83. The defendants failed to furnish to the plaintiffs, at the time of hiring, a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any doing business as names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1).

84. Due to the defendant's violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1), the plaintiff should be awarded of the defendants statutory damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, until February 26, 2015,

11

and statutory damages of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00, thereafter, pursuant to N.Y. Lab. Law § 198(1-b).

85. The defendants failed to furnish to the plaintiffs with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7.

86. Due to the defendant's violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.7, the plaintiff should be awarded of the defendants statutory damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00 until February 26, 2015, and statutory damages of $250.00 per workday that the violation occurred, up to a maximum of $5,000, thereafter, pursuant to N.Y. Lab. Law § 198(1-d).

87. Further, the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d).

**FOURTH CLAIM FOR RELIEF:**
**DECLARATORY RELIEF**

88. The plaintiffs realleges and incorporates by reference paragraphs 1 through 87 as if they were set forth again herein.

89. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiffs may obtain declaratory relief.

90. The defendants violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

91. It is in the public interest to have these declarations of rights recorded.

92. A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

93. A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

## PRAYER FOR RELIEF

94. Wherefore, the plaintiffs, on behalf of the plaintiffs and party plaintiffs, pray this Court grant as relief:

   a. designation of this action as a collective action in behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiffs and the plaintiffs' attorneys to represent the party plaintiffs;

   b. a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

   c. an award of unpaid or underpaid (1) minimum wages and (2) overtime compensation, due under the Fair Labor Standards Act;

    d.    an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

    e.    an award of unpaid or underpaid (1) minimum wages, (2) overtime compensation, (3) spread-of-hours wages, and (4) uniform maintenance pay, due under the Minimum Wage Act and section 191 of the New York Labor Law;

    f.    an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

    g.    an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

    h.    a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(1)–(3), pursuant to the same, N.Y. Lab. Law § 198(1-b)–(1-d);

    i.    if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

    j.    an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

    k.    an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

    l.    an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

  m. such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs, on behalf of the plaintiffs and party plaintiffs, demands a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____
John M. Gurrieri
jmgurrieri@zellerlegal.com
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Dated: New York, New York  Facsimile: (212) 229-2246
   October 13, 2016    **ATTORNEYS FOR PLAINTIFFS**